IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BEACHHEAD, L.P., §
 §
 Plaintiff, §
 § Civil Action No. 3:08-CV-0718-D
VS. §
 §
SOLAR NIGHT INDUSTRIES, INC. §
f/k/a TRITON TECHS., INC., §
 §
 Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Beachhead, L.P. ("Beachhead") moves for a default judgment against defendant Solar Night Industries, Inc., f/k/a Triton Technologies, Inc. ("Solar"), requesting actual damages, attorney's fees and costs, prejudgment interest, and punitive damages. Although Solar's responsive pleading has been stricken and it is in default, the court concludes that it must conduct an evidentiary hearing to determine damages. Accordingly, the court defers a ruling on Beachhead's motion for default judgment until a hearing is convened.

I

Solar is obligated under a convertible note to pay Beachhead principal and interest on a $30,000 loan. The note provides Beachhead the option of converting the outstanding principal amount and interest to free-trading unrestricted shares of Solar. Beachhead later exercised this option for 146,956 shares of Solar. Because the escrow agent held only a portion of the shares,

Beachhead was owed a deficit of 116,956 shares. When Solar did not honor the conversion, Beachhead sued Solar in state court for breach of contract. The lawsuit was dismissed without prejudice under the terms of a settlement agreement. Solar promised to deliver 128,956 shares to Beachhead *contemporaneously* with the execution of the settlement agreement. After Solar failed to deliver the shares, Beachhead filed the instant lawsuit, which Solar removed to this court.

Solar's counsel later obtained leave to withdraw, and the court ordered Solar to obtain new counsel. After Solar failed to do so, the court struck its defenses and directed Beachhead to move for entry of default and for a default judgment. Beachhead filed the instant motion for a default judgment, but it has not moved for entry of a default.

II

Before a default judgment may be entered by the court, the moving party must obtain entry of default pursuant to Fed. R. Civ. P. 55(a). *See Robbins v. Walker,* 2008 WL 341658, at *1 (S.D. Miss. Feb. 5, 2008); *Super 8 Motels, Inc. v. Kumar*, 2008 WL 878426, at *3 (D. N.J. Apr. 1, 2008) (citing 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)). Because Beachhead has neither sought nor obtained the clerk's entry of default, and because Beachhead filed its current motion in response to the court's order directing Beachhead to move for entry

of default and for a default judgment, the court construes Beachhead's motion for default judgment as both a motion for an entry of default and a motion for default judgment. *See Robbins*, 2008 WL 341658, at *1 (construing motion for default judgment as motion for entry of default where entry had not yet been made). Because Solar's responsive pleading has been stricken, the court enters a default against Solar.[*]

### III

#### A

Solar's default concedes the truth of the allegations of Beachhead's complaint as to Solar's liability, but not as to damages. *United Student Aid Funds, Inc. v. Ramon's Precision Serv., Inc.*, 2005 WL 3447738, at *2 (W.D. Tex. Dec. 12, 2005) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2002)). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307,

---

[*]The court is empowered to enter the default. "Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well." *Serembus on Behalf of UIU Health and Welfare Fund v. Aldo Diroma, Inc.*, 1987 WL 13091, at *1 n.1. (E.D. Pa. June 24, 1987) (citing 6 J. Moore, et al., *Moore's Federal Practice* ¶ 55.02[3], at 55-14 & n. 1 (2d ed. 1983) ("Since the court has the authority to enter a judgment by default, it impliedly has the power to perform the "mi[ni]sterial function assigned to the clerk of entering a default")).

310 (5th Cir. 1993). "[L]iquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law." *Super 8 Motels*, 2008 WL 878426, at *4; *see IBEW-NECA Sw. Health & Benefit Fund v. Heritage Specialities,* 2003 WL 21673487, at *1 (N.D. Tex. July 15, 2003) (Lindsay, J.) (awarding plaintiffs liquidated damages on default judgment where fund provided that liquidated damages are "equal to $20.00 or ten percent (10%) of unpaid contributions"). A sum capable of mathematical calculation is one that can be "'computed with certainty by reference to the pleadings and supporting documents alone,' rendering an evidentiary hearing unnecessary." *See James,* 6 F.3d at 311 (quoting *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)).

B

Beachhead's actual damage for Solar's breach of the settlement agreement is the loss it sustained for having failed to receive the 128,956 shares contemporaneously with the execution of the agreement. This amount is neither liquidated nor computable with certainty based on supporting documents. Beachhead requests $193,434.00 in actual damages, but this sum assumes that if Beachhead had received the shares contemporaneously with the execution of the settlement agreement on November 7, 2007, it would have sold them at the 52-week high price of $1.50 per share on December 10. The only evidence Beachhead offers to support this assumption is a declaration of Philip Verges, a limited partner of

Beachhead, declaring that Beachhead would have sold the stock at $1.50 per share. The factual question of when Beachhead would have sold the shares, had Solar complied with the settlement agreement, cannot be determined by simple reference to supporting documentation. *Cf. James,* 6 F.3d at 311 (calculating collection fees to be $250,451.00 where damages on notes was $2,504,510.00 and the terms of notes provided for 10% of principal to go to collection fees in event of default on notes); *Birts v. Mott,* 2006 WL 1851386, at *2 (W.D. Tex. June 13, 2006) (awarding damages where contract guaranteed payment of rent and property taxes and exact amount due was capable of mathematical calculation based on financial documents). And a hearing would be helpful in assessing Beachhead's assertion that it would have sold the shares no sooner and no later than December 10 because it believed—-without the benefit of hindsight—-that $1.50 per share was the best price it could get for the shares. The court therefore defers a ruling on Beachhead's motion for default judgment until a hearing is convened.

C

State law governs the award of prejudgment interest in diversity cases. *DP Solutions, Inc. v. Rollins, Inc.,* 353 F. 3d 421, 435 (5th Cir. 2003). Prejudgment interest only applies to Beachhead's actual damages. *See Halff Assocs., Inc. v. Warner Pac. Props., LLC*, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008)

(Boyle, J.) (applying Texas law to calculate prejudgment interest on breach of contract claim). The court cannot calculate any prejudgment interest to which Beachhead may be entitled until it determines the actual damages at a hearing. It will therefore defer a ruling on the award of prejudgment interest.

D

Because Solar's default concedes that Solar has breached the settlement agreement, Beachhead may recover its costs and reasonable attorney's fees. *See* Tex. Civ. Prac & Rem. Code Ann. § 38.001(8) (Vernon 1997) (providing that claimant may recover reasonable attorney's fees in suit on contract); *see Halff Assocs.*, 2008 WL 3874673, at *2 (applying Texas law) (holding that plaintiff may recover reasonable attorney's fees in breach of contract action). In support of its request, Beachhead submits a declaration of one of its attorneys outlining in broad terms the tasks performed on the Solar matter and declaring that total legal fees amounted to $11,141.00 and total costs exceeded $721.77. Beachhead also submits a copy of Solar's removal discovery, which consists of a production request and a set of interrogatories. Beachhead has not, however, detailed the number of hours expended, the hourly billing rate of each attorney for whom fees are sought, or any documentation of its costs. The evidence is therefore insufficient to support an award of attorney's fees and costs. *Cf. James,* 6 F.3d at 311 (affirming award of attorney's fees where

"detailed billing records" substantiated the award); *Halff Assocs.*, 2008 WL 3874673, at *2 (awarding attorney's fees where plaintiff submitted affidavit setting forth counsel's hourly rate, summary of services performed, and the number of hours expended on the matter). The court denies Beachhead's request for attorney's fees and costs without prejudice. Beachhead may prove its claim for attorney's fees and costs at the hearing.

E

Because conduct sufficient to warrant punitive damages is not regarded as admitted by default, Beachhead must present evidence of conduct sufficient to support the punitive damages it seeks. *See Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 534 (Tex. App. 1988, writ denied). Exemplary damages are available for a successful plaintiff asserting statutory fraud and fraudulent inducement claims. *See Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); Tex. Bus. & Com. Code Ann. § 27.01(c) (Vernon 2002); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(1) (Vernon 1997). A "promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act." *Formosa,* 960 S.W.2d at 47 (internal quotation marks and citation omitted).

Beachhead alleges that Solar made promises in the settlement agreement (e.g., to deliver 128,956 shares contemporaneously with

executing the agreement) that it never intended to fulfill, and that it did so for the purpose of deceiving Beachhead, thereby entitling Beachhead to punitive damages. Beachhead maintains that Solar's fraudulent intent is evidenced by the following: Solar's act of simultaneously executing and breaching the settlement agreement, which required contemporaneous delivery of the shares upon execution; Solar's lack of effort to comply with the agreement for several months, including changing transfer agents after one month without explanation, and suggesting after another month that delivery had been held up for want of tax identification, even though Solar had never before mentioned the need for such information; and Solar's act of removing the case to federal court and defending the case only long enough for one of its largest shareholders to foreclose on the company's assets. Despite Beachhead's evidence of fraudulent intent, the court concludes that an evidentiary hearing is necessary.

The requested punitive damages are neither liquidated, *see* Tex. Civ. Prac. & Rem. Code Ann. § 41.010(b) (Vernon 1997) (providing that amount of exemplary damages is within discretion of trier of fact), nor computable based on simple reference to documentation. Because punitive damages may not exceed double the amount of economic damages, *see id.* at § 41.008(b)(1)(A), the court cannot calculate any punitive damages to which Beachhead may be entitled until it determines the economic damages. Moreover, the

court is not so familiar with the parties and the facts of this case that it is able to determine on the present papers and evidence how much should be awarded to Beachhead as exemplary damages. Accordingly, any such award must await a hearing.

* * *

The court grants Beachhead's motion for entry of default, and it defers a ruling on Beachhead's October 13, 2008 motion for default judgment until it conducts a hearing. Beachhead is directed to contact the judicial secretary to schedule the hearing.

**SO ORDERED.**

October 23, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE